Matthew Righetti, Esq. (SBN: 121012)
matt@righettilaw.com
John Glugoski, Esq. (SBN: 191551)
jglugoski@righettilaw.com
**RIGHETTI GLUGOSKI, P.C.**
220 Halleck St. Suite 220
San Francisco, CA 94129
Telephone: (415) 983-0900

Reuben D. Nathan (SBN 208436)
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Highway, Suite 200
Newport Beach, CA 92663
Tel. No.: (949) 270-2798
Fax No.: (949) 209-0303
Email: rnathan@nathanlawpractice.com

Attorneys for Plaintiff, CHEYENNE BERRY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEYENNE BERRY, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC; AMAZON.COM, INC.; and DOES 1–50, inclusive,<br><br>Defendants. | CASE NO.: 3:23-cv-03614-TLT<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Removed from Alameda County Superior Court – Case No. 23CV032667]<br><br>State Complaint Filed: May 5, 2023 |

## INTRODUCTION

1. Plaintiff, CHEYENNE BERRY (collectively referred to herein as, "Plaintiff"), individually and on behalf of all others similarly situated, brings this civil class action against Defendants, AMAZON.COM SERVICES LLC, AMAZON.COM, INC. and DOES 1–50 (collectively referred to as "AMAZON" or "Defendants"), demanding trial by jury, complaining on information and belief as follows.

2. Plaintiff petitions this Court to allow her to represent and prosecute claims against Defendants in a class action proceeding on behalf of all those similarly situated non-exempt former and current employees which are comprised of fulfillment center/warehouse worker employees, employed by Defendants (hereinafter referred to as "Class Members"), who reside and work in the State of California.

## NATURE OF THE ACTION

3. This putative class action is brought by Plaintiff against Defendants and each of them for damages sustained by Plaintiff based on the Defendants' wrongful actions and include the following causes of action: (1) Failure to Pay Reporting Time Pay; (2) Failure to Provide Written Wage Statements; (3) Failure to Pay all Wages Due Upon Separation; (4) Unfair Business Practices; and (5) Private Attorneys General Act (penalties).

## THE PARTIES

4. At all material times, Plaintiff CHEYENNE BERRY was a resident of the County of Kern in the State of California and was and is employed by Defendants at a location in Kern County, California.

5. Defendant AMAZON.COM SERVICES LLC was and is, upon information and belief, a Delaware limited liability company, and, at all times

mentioned herein, whose employees that are the subject of this class action were and are employed in the State of California. At all material times, Defendant AMAZON.COM SERVICES LLC conducted business throughout the State of California.

6. Defendant AMAZON.COM, INC. was and is, upon information and belief, a Delaware corporation, and, at all times mentioned herein, whose employees that are the subject of this class action were and are employed in the State of California. At all material times, Defendant AMAZON.COM, INC. conducted business throughout the State of California.

7. The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of defendants DOES 1–50, inclusive, are unknown to Plaintiff who sue these Defendants by such fictitious names. (Cal. Code Civ. Proc. § 474.) Plaintiff will either seek leave to amend this Class Action Complaint or file a DOE statement to allege the true names and capacities of DOES 1–50, inclusive, when the same are ascertained.

8. Plaintiff is informed and believes, and thereon alleges, that Defendants are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

9. Plaintiff is informed and believes, and thereon alleges, that each of Defendants knowingly and willfully acted in concert, conspired together, and agreed among themselves to enter into a combination and systemized campaign of activity to cause the injuries and damages hereinafter alleged, and to otherwise consciously and or recklessly act in derogation of Plaintiff's rights, and the trust reposed by Plaintiff in each of said Defendants, said acts being negligently, willfully, and/or intentionally

inflicted. Said conspiracy, and Defendants' concerted actions, were such that, to Plaintiff's information and belief, and to all appearances, Defendants represented a unified body so that the actions of one Defendant was accomplished in concert with, and with knowledge, ratification, authorization, and approval of each and every other Defendant.

10.  Plaintiff is informed and believes, and thereon alleges, that each Defendant in this Complaint, is, and at all times mentioned was, the agent, servant, alter ego, and or employee of each of the other Defendants, and each Defendant acted within the course or scope of his, her, or its authority as the agent, servant, and or employee of each other Defendant. Consequently, each and every Defendant is jointly and severally liable to Plaintiff, similarly situated aggrieved employees and Class Members for the damages incurred as a proximate result of each Defendant's conduct.

## JURISDICTION AND VENUE

11.  This Court has personal jurisdiction over Defendants. Defendants employ employees within the State of California and in this County.

12.  Venue is proper in this County pursuant to *Crestwood Behavioral Health, Inc. v. Superior Court*, 2021 WL 613700 (Cal. Ct. App. 2021). Substantial acts in furtherance of the alleged improper conduct, including Defendants' violations of the California Labor Code, occurred within this County.

## FACTUAL ALLEGATIONS

13.  Defendants employed Plaintiff CHEYENNE BERRY as a non-exempt employee from on or around December 2022 through the present. Ms. Berry holds the position of "Stower" in Defendants' Shafer, California location.

14.  At all times during her employment with Defendants, Plaintiff lived and

worked in the State of California.

15. During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate of pay.

16. Plaintiff and Class Members, including aggrieved employees under the PAGA, are required to report to work for 8–10-hour shifts. Upon reporting for work, Plaintiff and Class Members, including aggrieved employees under the PAGA, are informed there is no work available. In those instances, Plaintiff and Class Members, including aggrieved employees under the PAGA, are neither provided with work nor paid reporting time pay as required by law.

17. Defendants do not and did not compensate Plaintiff, the aggrieved employees, and Class Members for reporting time (i.e., time when Plaintiff and Class Members, including aggrieved employees under the PAGA, were scheduled to report to work, reported to work, were not put to work and were furnished with less than half of their usual and/or scheduled day's work).

18. Under Cal. Lab. Code Section 1198, "the employment of an employee … under conditions of labor prohibited by the [wage] order is unlawful." Plaintiff and Class Members are entitled to penalties under Cal. Lab. Code Section 2699(f) based on Defendants' violation of the applicable Wage Order, Section 5 and Cal. Lab. Code Section 1198.

19. Defendants failed to pay Plaintiff, the Aggrieved Employees and Class Members the legal reporting time wages due.

20. Defendants have made it difficult to account for the unlawfully withheld reporting time wages owed to Plaintiff and Class Members without an examination of all records during the liability period and failed to implement and preserve a lawful

record-keeping method as required for non-exempt employees per California Labor Code section 226 and the applicable California Wage Order. As well, Defendants failed and refused to provide written wage statements as required by law. Under the Labor Code, employers are required to provide an itemized wage statement semimonthly or every time they are paid wages, whether by check, direct deposit or otherwise. The California Labor Commissioner has provided relevant opinion letters confirming that employers may provide electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements to hard copies at no expense to the employee. Defendants converted to electronic statements without providing Plaintiff, the aggrieved employees, and Class Members the right to elect to receive a written paper stub or record.

## CLASS ALLEGATIONS

21.   Plaintiff brings this class action under the provisions of California Code of Civil Procedure section 382, and the procedural provisions of Rule 23 of the Federal Rules of Civil Procedure, which the California Supreme Court has adopted for use by the trial courts of this State. Plaintiff brings this class action on behalf of herself and all other similarly situated non-exempt employees with Plaintiff proceeding as the representative member of the proposed classes defined as follows:

   a) All individuals employed by Defendants as non-exempt former and current fulfillment center/warehouse worker employees, in the State of California, at any time within four years prior to the filing of this lawsuit until the present date.

(hereinafter referred to as the "Class"). Plaintiff may add appropriate sub-classes by amendment or offer of proof during this proceeding.

22. Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues. Plaintiff and Class Members are hereinafter collectively referred to as "Class Members."

23. Plaintiff brings this action, which may properly be maintained as a class action, under the provisions of FRCP Rule 23, because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable as well as for the other reasons explained in this Class Action Complaint:

 a. <u>Numerosity</u>: The members of the Class are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Class is unknown to Plaintiff at this time. However, the Class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

 b. <u>Typicality</u>: Plaintiff is qualified to and will fairly and adequately protect the interests of each Class Member with whom there is a well-defined community of interest, and Plaintiff's claims (or defenses, if any), are typical of all Class Members as demonstrated herein.

 c. <u>Adequacy</u>: Plaintiff is qualified to and will fairly and adequately protect the interests of each Class Member with whom she has a well-defined community of interest, as alleged herein. Plaintiff acknowledges that she has an obligation to the Court to make known

any relationship, conflict, or differences with any Class Member. Plaintiff's attorneys and proposed Class counsel are well versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and, throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

    d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class saving substantial expense and promoting judicial economy.

24. There are common questions of law and fact as to the Class that predominate over questions affecting only individual members, including but not limited to:

    a. Whether Defendants complied with wage reporting as required by the California Labor Code, including but not limited to Section 226;

    b. Whether Defendants failed to pay Plaintiff and Class Members reporting time pay, as required by California law;

    c. Whether Defendants failed to pay all reporting time wages due and owing to Plaintiff and Class members upon separation of employment;

-7-
FIRST AMENDED CLASS ACTION COMPLAINT

d. Whether Defendants engaged in unlawful or unfair business practices in violation of Business and Professions Code section 17200, et seq. by failing to pay minimum wage, failing to pay the proper reporting time wages, failing to comply with the requirement to provide written wage statements, and failing to pay all wages due and owing upon separation;

e. Whether Defendants violated Labor Code section 2698, et seq.; and

f. The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

**FIRST CAUSE OF ACTION**
**Industrial Welfare Commission Wage Order 1-16, Section 5(A)**
**REPORTING TIME PAY**
*(Plaintiff, individually, and on behalf of all similarly situated employees against all Defendants)*

25. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Class Action Complaint.

26. For non-exempt employees who report to their job expecting to work i.e., scheduled to work, a specified number of hours but are deprived of that amount of work for reasons including because of inadequate scheduling or lack of proper notice by the employer, then California law requires employers to pay such employees for certain unworked but regularly scheduled time in addition to the hours the employee actually works. See, Industrial Welfare Commission ("IWC") Orders, Section 5.

27. The following are specific requirements for reporting-time pay:

a) Each workday an employee is required to report to work but is not put to work or is furnished with less than half of his or her usual day's work, the employee must be paid for half of the usual or scheduled day's work, but in no event for less than two hours or more than four hours, at the

employee's regular rate of pay; and

  b) If an employee is required to report a second time in any one workday and is furnished less than two hours of work on the second reporting, he or she must be paid for two hours at the employee's regular rate of pay.

28. In California, reporting time pay constitutes wages. *Murphy v. Kenneth Cole Productions. Inc.* (2007) 40 Cal.4th 1094. The IWC's purpose in adopting reporting time pay requirements is two-fold: (1) compensate employees and (2) encourage proper notice and scheduling. *Id* 1111-1112. There are certain types of situations which trigger reporting time pay, which include: (a) physically appearing at workplace at the shift start, (b) presenting themselves for work by logging on to a computer remotely, (c) appearing at client job site, (d) setting out on a trucking route, or telephoning the store two hours prior to the start of the shift. *Id*. 1185.

29. Plaintiff and Class Members are entitled to reporting time pay for the time required by statute at their regular rate of pay.

30. Pursuant to California Labor Code, Plaintiff, aggrieved employees, and Class Members are entitled to recover civil penalties as set forth under the applicable Labor Code Sections, including PAGA.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE WAGE STATEMENTS
*(Plaintiff, individually, and on behalf of all similarly situated employees against all Defendants)*

31. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Class Action Complaint.

32. Labor Code section 226(a) mandates that employers provide their employees, along with the employees' paychecks, "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee,

except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

33. Under the California Labor Code, employers are required to provide itemized wage statements semimonthly or every time they are paid wages, whether by check, direct deposit or otherwise. Employers may provide electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements to hard copies at no expense to the employee.

34. Plaintiff, on information and belief and based upon such basis, alleges that she and Class Members who received direct deposit pay were intentionally not provided the right to elect to receive the wage statement in a written paper stub or

record form, pursuant to Labor Code section 226(a) by Defendants. Further, Defendants failed to make the electronic wage statements easily accessible.

35. Defendants are required to provide an <u>option</u> for such employees to receive paper wage statements and the failure to do so constitutes a violation of California Labor Code section 226. Defendants' intentional conduct by failing to provide Plaintiff and all similarly situated employees with the option of paper wage statements has caused Plaintiff, similarly situated employees and Class Members to suffer injury in fact by depriving them of their wage records.

36. Plaintiff and Class Members are also entitled to injunctive relief under California Labor Code §226(h), compelling Defendants to comply with California Labor Code §226. Plaintiff, on information and belief and based upon such basis, alleges that Plaintiff and Class Members are entitled to recover from Defendants civil penalties and/or damages as set forth in the applicable sections of the California Labor Code, and an award of costs and reasonable attorneys' fees pursuant to Labor Code Section 226(e).

### THIRD CAUSE OF ACTION
### WAGES NOT PAID UPON SEPARATION
*(Plaintiff, individually, and on behalf of all similarly situated employees against all Defendants)*

37. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Class Action Complaint.

38. At all times herein set forth, Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under this article of the California Labor Code.

39. At all times herein set forth, Labor Code sections 201-203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of

discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter; unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. During the relevant time period, Defendants failed to pay Plaintiff and Class Members, who are no longer employed by Defendants, all their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

40. Defendants willfully violated Labor Code sections 201-203 by failing to provide all reporting time wages to Plaintiff, and the formerly employed Class Members at separation from employment. Labor Code sections 201 and 202 require Defendants to pay their employees all wages due either at the time of firing, or within seventy-two (72) hours of voluntary separation, if not sooner. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed thirty (30) days of wages. Plaintiff and Class Members who were separated from employment are entitled to compensation for all forms of wages earned, including but not limited to unpaid overtime compensation and premium payments for non-provided meal and rest periods, but to date have not received such compensation, therefore entitling to wages.

41. Defendants' failure to pay Plaintiff and Class Members, who are no longer employed by Defendants, all reporting time wages owed at the time of their

FIRST AMENDED CLASS ACTION COMPLAINT

discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of Labor Code sections 201-203.

42. Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days. Plaintiff and Class Members, who are no longer employed by Defendants, are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum, pursuant to Labor Code section 203, plus reasonable attorneys' fees and costs of suit.

**FOURTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
*(Plaintiff, individually, and on behalf of all similarly situated employees against all Defendants)*

43. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Class Action Complaint.

44. Defendants' conduct, as alleged herein, including not paying Plaintiff and Class Members the required reporting time pay, not providing Plaintiff and Class Members with paper wage statements and/or the right to elect to received paper wage statements, and failing to pay Plaintiff and Class Members all reporting time wages due upon separation of employment from Defendants, has been, and continues to be unlawful and unfair, and harmful to Plaintiff and Class Members, and the general public.

45. Defendants' activities as alleged herein are in violation of California law, and constitute unlawful and unfair business practices in violation of Business and Professions Code section 17200, et seq., which justify the issuance of an injunction,

restitution, and other equitable relief pursuant to California Business and Professions Code §17203.

46. Defendants' unlawful and unfair business practices as alleged herein, including, but not necessarily limited to, have caused Plaintiff and Class Members loss of money and/or property.

47. Defendants have failed to pay Plaintiff and Class Members, who are non-exempt employees, reporting time pay, in violation of Industrial Welfare Commission Wage Order 1-16, Section 5(A). Defendants have failed to provide Plaintiff and Class Members with paper wage statements and/or the right to elect to receive paper wage statements in violation of California Labor Code section 226. Defendants failed to provide Plaintiff and Class Members with the wages owed upon separation pursuant to California Labor Code section 201-203. Defendants violated California Business and Professions Code §17200, et seq. as a result of violating these statutory provisions, where Plaintiff and Class Members suffered an economic hardship in order for Defendants to pursue monetary gain.

48. Plaintiff and Class Members seek restitution for Defendants knowing (or should have known) that Plaintiff and Class Members were non-exempt employees, but refused to pay Plaintiff and all similarly situated employees in order for Defendants to financially benefit from its illegal and unfair practices at the expense and work of Plaintiff and all similarly situated employees.

49. A violation of Business and Professions Code section 17200, et seq. may be predicated on the violation of any state and/or federal law. In the instant case, Defendants have violated California labor laws. More specifically, Defendants' actions, practices, decisions, and policies have violated the California Labor Code,

IWC Wage Orders, and state law, including, but not limited to: (1) failing to provide reporting time pay; failing to provide Plaintiff and Class Members with paper wage statements and/or the right to elect to receive paper wage statements in violation of Labor Code §226; and (3) failing to pay all earned wages upon separation of employment in violation of Labor Code §§201, 202, 203.

50.  Pursuant to Business and Professions Code section 17200, et seq., Plaintiff and the other Class Members are entitled to: reporting time pay; option of receiving paper wage statements; all wages due upon separation of employment from Defendants; a declaration that the above business practices are unlawful and unfair; and a permanent injunction requiring Defendants to pay all outstanding reporting time wages due to Plaintiff and Class Members and stop all illegal conduct alleged herein this complaint. Plaintiff, individually, on behalf of all similarly situated employees and on behalf of the general public through their respective attorneys are serving to enforce an important right of the prompt payment of reporting time pay due to employees which affects a significant public interest.

51.  Plaintiff through this action is conferring a substantial benefit on the general public by ensuring the prompt payment of wages due to employees and a large class of persons (at this time believed to exceed 100 Class Members), there exists a necessity (Defendants have maintained this illegal practice for at least four years) and financial burden of private enforcement making an award of attorney's fees appropriate pursuant to California Code of Civil Procedure §1021.5, which should not in the interest of justice be taken out of any award since any disgorgement or restitution to Plaintiff and Class Members are owed to them as reporting time pay for time worked while employed by Defendants.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF LABOR CODE SECTION 2698, ET SEQ.
*(Plaintiff, individually, and on behalf of all similarly situated employees against all Defendants)*

52. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Class Action Complaint.

53. PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

54. On March 8, 2023, Plaintiff provided written notice to the LWDA and Defendants of the specific provisions of the Labor Code she contends were violated, and the theories supporting her contentions. Plaintiff believes that on or about May 8, 2023, the sixty-five (65) days' notice period expired and the LWDA did not take any action to investigate or prosecute this matter. Therefore, Plaintiff has exhausted the statutory time period to bring this action.

55. Plaintiff and the other similarly situated individuals employed within one year preceding the filing of the PAGA letter and continuing to judgment are "aggrieved employees" as defined by California Labor Code § 2699(c) and are entitled to penalties as set forth in the PAGA including the following.

Pursuant to California Labor Code § 2699, Plaintiff, individually, and on behalf of other current and former aggrieved employees, requests and is entitled to recover from Defendants, and each of them, civil penalties, interest, attorneys' fees

and costs pursuant, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

55. Penalties under California Labor Code § 2699 in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

56. Penalties under California Code of Regulations Title 8 § 11040 in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

57. Penalties under California Labor Code § 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

58. Penalties under Labor Code § 1197.1 in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation;

59. Any and all additional penalties as provided by the Labor Code and/or other statutes; and

60. Attorneys' fees and costs pursuant to Labor Code §§ 210, 1194, and 2699, and any other applicable statute.

/ / /

**PRAYER FOR RELIEF**

Plaintiff, on behalf of themselves, other similarly situated individuals and all other Class Members, pray for relief and judgment against Defendants, as follows:

1. That this action is certified as a class action;

2. That Plaintiff is appointed as the representative of the Class;

3. That counsel for Plaintiff is appointed as Class Counsel;

4. For general unpaid reporting time pay wages at the employees' applicable wage rate and such general and special damages as may be appropriate;

5. For reasonable attorney's fees and for costs of suit incurred herein as provided by law;

6. For civil penalties pursuant to the Labor Code based on the alleged violations;

7. For statutory awards pursuant to Labor Code section 226(e);

8. Restitution and disgorgement;

9. Waiting time penalties pursuant to Labor Code section 203;

10. For pre-judgment interest on any unpaid reporting time pay wages from the date such amounts were due pursuant to Labor Code section 218.6;

11. For the disgorgement of any and all "unpaid reporting time wages" and incidental losses, according to proof;

12. For restitution of "unpaid reporting time pay wages" to Plaintiff and all other Class Members and pre-judgment interest from the day such amounts were due and payable;

13. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully

acquired by Defendants s as a result of violations of Business and Professions Code section 17200 et seq.;

14. Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiff and all other who are similarly situated of their rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;

15. Order a complete and accurate accounting of all the compensation to which Plaintiff and all others who are similarly situated are entitled;

16. For penalties in an amount subject to the discretion of the Court pursuant to the Private Attorneys General Act of 2004;

17. For injunctive relief including, but not limited to, an Order enjoining Defendants from continuing to engage in the State of California in the unlawful business practices alleged herein;

18. For general and special damages;

19. For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of themselves and all others similarly situated, hereby demand a jury trial.

Dated: August 31, 2023          **RIGHETTI GLUGOSKI, P.C.**

By: _____
Matthew Righetti
Attorneys for Plaintiff,
CHEYENNE BERRY